IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFREY DALLIN MONTGOMERY,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CR21DAK<br><br>Judge Dale A. Kimball |

      Defendant, Jeffrey Dallin Montgomery, has filed a motion for termination of his remaining supervised release. On April 23, 2008, this court sentenced Defendant to thirty-two months incarceration, twelve months to run consecutive to and twenty months to run concurrent with case no. 2:07cr424DS, and a term of thirty-six months of supervised release to run concurrent with the supervised release ordered in case no. 2:07cr424DS. Defendant began serving his supervised release on April 30, 2011, and he requests this court to terminate his period of supervised release on April 30, 2012, when he reaches one year of service. His period of supervised release is not scheduled to terminate until April 30, 2014.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's letter requesting early termination of his supervised release states that he has been employed throughout his supervised release, has followed all of the rules imposed upon him, and paid his restitution. Defendant requests early termination in order to pursue a career in the field that he holds a degree in without informing the employer that he is on probation. He would also like to be able to visit his sister in Nevada without getting permission for out-of-state travel.

The court has contacted Defendant's current probation officer. Although his probation officer stated that Defendant is responsible and on the right path, after consultation with his supervisor, it was determined that the probation office could not support termination of Defendant's supervised release until Defendant served half of his imposed supervised release term. The court also has concerns with such an early termination of supervised release given that Defendant is serving his supervised release concurrently with another case in this District. While the court does not want to diminish the significance of Defendant's turnaround and responsible behavior while on supervised release, the court believes that the fact that Defendant has been allowed to serve his terms of supervised release in two cases concurrently supports the

conclusion that Defendant should serve at least half of his term before the court considers early termination.  The court applauds Defendant for his current conduct but denies his motion as premature at this time.  The court is willing to consider a similar motion in six months.

  DATED this 10th day of April, 2012.

          BY THE COURT:

          _____
          DALE A. KIMBALL
          United States District Judge