**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | **Case No. 2:08CR21DAK** |
| **JEFFREY DALLIN MONTGOMERY,** | **Judge Dale A. Kimball** |
| Defendant. | |

Defendant, Jeffrey Dallin Montgomery, has filed a motion for termination of his remaining supervised release.  On April 23, 2008, this court sentenced Defendant to thirty-two months incarceration, twelve months to run consecutive to and twenty months to run concurrent with case no. 2:07cr424DS, and a term of thirty-six months of supervised release to run concurrent with the supervised release ordered in case no. 2:07cr424DS.  Defendant began serving his supervised release on April 30, 2011, and he requests this court to terminate his period of supervised release on October 30, 2012, when he has completed half of his service.  His period of supervised release is not scheduled to terminate until April 30, 2014.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice."   The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

The court previously denied a request from Defendant because his probation officer could not support it until he had served half of his term of service.  Defendant's renewed letter requesting early termination of his supervised release states that he has continued to be steadily employed throughout his supervised release, has followed all of the rules imposed upon him, has paid his restitution, and is in a steady relationship.  Defendant requests early termination in order to pursue a career in real estate without informing potential employers that he is on probation. He would also like to be able to visit his sister in Nevada without getting permission for out-of-state travel.

The court has again contacted Defendant's probation officer.  Now that Defendant has served half of his supervised release term, his probation officer supports early termination.  He also contacted the Assistant United States Attorney on this case, who stated that he does not oppose early termination.  Based on Defendant's conduct during his term of supervised release, the support of his probation officer, and the lack of opposition from the government, the court grants Defendant's motion for early termination of supervised release, effective immediately.

DATED this 10th day of October, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge